UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAUL DIXON LEWIS,

Plaintiff,

v.

RENE BAKER, *et al.*,

Defendants.

Case No. 3:18-cv-00402-RCJ-CBC

TRANSFER ORDER

Plaintiff, a *pro se* prisoner who is incarcerated at Lovelock Correctional Center ("LCC") in Nevada, has submitted an application to proceed *in forma pauperis* and a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 7, 12). Plaintiff sues Defendants Rene Baker, J.W. Moss, and M. Runnels. (ECF No. 12 at 2). In the complaint, Plaintiff asserted that the events in the complaint took place while he was incarcerated at LCC. (*Id.* at 1). After screening the complaint, the Court dismissed Defendant Baker, an NDOC employee, without prejudice because there were no allegations in the complaint against her. (ECF No. 11 at 7). The Court permitted claims to proceed against Defendants Runnels and Moss. (*Id.*) After the Court directed the Office of the Attorney General of the State of Nevada to enter a limited notice of appearance for the purpose of settlement for the inmate early mediation program, the Office discovered that the two remaining defendants in this case—Moss and Runnels—were or are California Department of Corrections and Rehabilitation ("CDCR") employees and, thus, the Office could not represent the defendants. (ECF No. 16). In light of the Office's notice and upon rereading the complaint, it appears that the alleged actions of Moss and Runnels took place while Plaintiff was in Folsom State Prison, a CDCR facility, in California. (*See* ECF No. 12 at 6).

Pursuant to 28 U.S.C. § 1391(b), a plaintiff may bring an action in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

1

defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Pursuant to 28 U.S.C. § 1406, if a case has been filed in the wrong district or division, the district court in which the case has been incorrectly filed may "transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Court finds that the District of Nevada is not the appropriate venue for this action because the events occurred at the Folsom State Prison in Represa, California, in Sacramento County, California. Additionally, the two defendants reside in California. Sacramento County is in the United States District Court for the Eastern District of California. The Court directs the Clerk of the Court to transfer this action to the United States District Court for the Eastern District of California. This Court offers no opinion on the application to proceed *in forma pauperis* or the motion requesting the California Attorney General to accept service.

For the foregoing reasons, it is ordered that the Clerk of the Court will transfer this case to the United States District Court for the Eastern District of California.

It is further ordered that the Clerk of the Court close the case in this Court.

DATED THIS __30__ day of July 2019.

_____
UNITED STATES DISTRICT JUDGE